**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark C. Boyles, Appellant,

v.

NG Solutions, LLC, Respondent.

Appellate Case No. 2024-000460

---

Appeal From Jasper County
Alison Renee Lee, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-332
Submitted June 1, 2026 – Filed July 1, 2026

---

**REVERSED AND REMANDED**

---

Matthew Tillman, of Womble Bond Dickinson (US) LLP, of Charleston, for Appellant.

Russell Pierce Patterson, and Lauren Patterson Williams, both of Patterson and Williams PA, of Hilton Head Island, for Respondent.

---

**PER CURIAM:** This case arises over a dispute about whether a deed (the Deed) executed by Mark Boyles's (Boyles) late mother, Grace Boyles (Mother), was invalid because it was prepared by a person who was not a licensed attorney. The

Deed conveyed two parcels of land located in Jasper County (the Subject Properties) to Boyles.[1]  The Deed reserved a life estate for Mother, who died five years later.

Boyles obtained loans from Coastal States Bank (Coastal) that were secured by mortgages on corporate and personally-owned property.  He defaulted on those loans and executed a confession of judgment (the Confession of Judgment) to be filed if he were to default on a modified repayment schedule.  Coastal assigned the Confession of Judgment to NCP.[2]  Boyles ultimately defaulted on the repayment schedule, and the Confession of Judgment was filed.  NCP enforced the loans, mortgages, and the Confession of Judgment and recovered some of the repayment from Boyles.  NCP obtained an execution against Boyles's property and attempted to enforce a judgment lien (the Lien) on the Subject Properties.

Boyles moved for declaratory judgment, requesting the trial court declare the Deed void because the "drafting, witnessing, notarizing, and filing" of the Deed constituted the unauthorized practice of law (UPL).  He requested a finding that because the Deed was void, he had no legal interest in the Subject Properties.  NCP filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), SCRCP.  Boyles moved to stay any further legal action until the trial court determined whether or not the Deed was valid.  The trial court granted NCP's motion to dismiss, finding Boyles failed to state a claim because (1) there is no private cause of action for UPL and (2) our state law does not provide that a deed prepared in connection with UPL is void.  On appeal, Boyles argues the case was improperly dismissed because he was not asserting a claim against NCP for UPL but was seeking declaratory relief to stop the enforcement of the Lien against the Subject Properties.  He also appeals the finding that a deed prepared in connection with UPL is not void.  We reverse the trial court's ruling and remand for further proceedings.

First, we hold the trial court erred by dismissing the claim based on its finding that there is no private cause of action for UPL.  *See U.S. Bank Nat'l Ass'n as Tr. to U.S. Bank Tr. Nat'l Ass'n v. Mack*, 445 S.C. 103, 109, 912 S.E.2d 236, 239 (2025) ("Although there is no independent civil cause of action for the unauthorized practice of law, a party who has been proximately damaged by conduct that

---

[1] Neither NG Solutions, LLC (NG Solutions) nor the original defendant, NCP Bayou, LLC (NCP), participated in the preparation of the Deed.

[2] NG Solutions was substituted in place of NCP by order of this court dated June 3, 2025.

includes the unauthorized practice of law may still avail himself of any appropriate existing civil remedy.").  Boyles's motion for declaratory judgment sought a determination of his legal interest in the Subject Properties, based on his assertion that the Deed was not valid.  Although his motion alleged the Deed was prepared, drafted, witnessed, notarized, and filed by a person who was not a licensed attorney, Boyles did not include a cause of action for UPL.  Section 15-53-30 of the South Carolina Code (2005 & Supp. 2025) provides that "[a]ny person interested under a deed, . . . may have determined any question of construction or validity arising under the instrument, . . . and obtain a declaration of rights, status or other legal relations thereunder."  While the determination of his interest in the property hinges on whether or not the Deed is invalid or void *based on* UPL, he specifically requested a determination that he had no interest in the Subject Properties because the Deed was invalid.  *See U.S. Bank*, 445 S.C. at 109, 912 S.E.2d at 239 ("A party must show something more than the unauthorized practice of law to have a valid claim."); *id.* ("The mere fact that the conduct includes the alleged unauthorized practice of law will not defeat recovery, and evidence of such conduct is admissible.").  Therefore, the trial court erred by dismissing the case on the basis that there was no private cause of action for UPL.  We find that was an incorrect reading of Boyles's complaint and thus an error of law.

Further, we hold the trial court erred in finding that there was no justiciable controversy.  *See Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy."); *id.* ("A justiciable controversy exists when a concrete issue is present, there is a definite assertion of legal rights[,] and a positive legal duty which is denied by the adverse party.").  At this stage in the proceedings, Boyles only needed to request a determination of his interest in the Subject Properties to make a claim, as section 15-53-30 expressly provides.  *See Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 16, 567 S.E.2d 881, 889 (Ct. App. 2002) (holding the requirement to state a cause of action "is satisfied [when] '[a]ny person interested under a deed'" requests to "have determined any question of construction or validity arising under the instrument, . . . and obtain a declaration of rights, status or other legal relations thereunder" (quoting § 15-53-30)).  In his motion, Boyles requested a determination of whether the Deed was void in order to determine if he had a "valid, legal interest" in the Subject Properties.

The trial court concluded that there was no justiciable controversy because case law and the relevant statutes do not expressly require an attorney to prepare, execute, record, or witness a deed for it to be valid.  *See* S.C. Code Ann.

§ 30-5-30(b) (2007 & Supp. 2025) (providing the prerequisites to recording a deed without requiring a deed to be prepared by an attorney); S.C. Code Ann. § 30-7-10 (2007 & Supp. 2025) (providing the requirements for execution and recording of a valid deed without requiring any of the steps to include an attorney); S.C. Code Ann. § 27-7-10 (2007 & Supp. 2025) (requiring a valid deed to have been "executed in the presence of and be subscribed by two or more credible witnesses" without requiring the witnesses to be attorneys). In its order dismissing the case, the trial court cited to multiple attorney disciplinary cases that "answer[] the question of what constitutes [UPL]." *See In re Helton*, 372 S.C. 245, 247-49, 642 S.E.2d 573, 574-75 (2007) (holding an attorney who failed to supervise the preparation of deeds and other legal documents by his non-attorney staff committed UPL); *In re Deddish*, 347 S.C. 614, 616-17, 557 S.E.2d 655, 656-57 (2001) (holding an attorney committed UPL when a firm that was providing legal advice and preparing deeds for the public falsely advertised that he was "a principal in, or associated with" the firm); *Matter of Easler*, 275 S.C. 400, 401-02, 272 S.E.2d 32, 32-33 (1980) (holding a disbarred attorney who was preparing deeds was committing UPL). However, these cases do not explicitly hold that the defendant's UPL renders a deed void. On appeal, Boyles cites to *Matrix Financial Services Corporation v. Frazer*, in which our supreme court held Matrix committed UPL by closing a loan without the supervision of an attorney. 394 S.C. 134, 139-140, 714 S.E.2d 532, 534-35 (2011). Our supreme court held Matrix was precluded from "enjoy[ing] the benefit of equitable remedies" but never addressed the validity of the document. *Id.* at 140, 714 S.E.2d at 535. Boyles also cites to two other cases to support his arguments.[3] All of these cases can be distinguished from this case because NCP did not prepare the Deed. Furthermore, these cases do not answer the question of whether a deed is void simply because it was prepared by a non-attorney. We find these cases further emphasize why there *is* a justiciable controversy in this case.

Because there is a question as to the validity of the Deed, we hold Boyles was entitled to request a declaratory judgment, and the trial court erred by dismissing the case for failing to state a claim. Therefore, we hold the trial court should have denied the motion to dismiss and proceeded with a hearing on Boyles's request for declaratory relief.

---

[3] *Hosey v. Quicken Loans*, Inc., No. 1:17-CV-02060-JMC, 2018 WL 3216105, (D.S.C. July 2, 2018); *Wachovia Bank, N.A. v. Coffey*, 389 S.C. 68, 698 S.E.2d 244 (Ct. App. 2010), *aff'd as modified*, 404 S.C. 421, 746 S.E.2d 35 (2013).

**REVERSED AND REMANDED.**[4]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.